Judge Marshall
delivered the opinion of the Court.
William Hedges, who had been the guardian of several of the heirs of John Silvers, deceased, after his wards became of age, filed a bill against the administrator of Silvers, praying a decree against him for the dist.ribir table shares of his former wards, alleged to be still unpaid, and that a settlement and general distribution might be had; for which purpose, he makes all the distributees, except his former wards, parties to the suit.
... ... ,, . . , , The administrator, m his answer, alleges, that he had paid to the complainant, many years before, the distributable portion of his former wards, and taken his receipt tWpfnr tnereiOI.
^ ^ ^ Upon this, the complainant, in an amended bill, alleges, that no money was paid, or settlement made, when the receipt was given; but that after it was executed, the settlement and payment were postponed, and the receipt being inadvertently left upon the table, has been fraudu- , J- , , , , . . .. - lently kept by the administrator, as evidence or a payment never made; and he prays that the receipt maybe . r J r j cancelled, and given up.
*440 In answer to this amended bill, the administrator denies explicitly every allegation by which the receipt is impeached, and avers that the payment was actually made as stated in it.
The deposition of the subscribing witness to the receipt, sustains the averments of the amended bill; while, on the other hand, circumstances are proved by the administrator, conducing strongly to show, that, after the date of the receipt, the guardian neither had, nor pretended to have, any claim on him for the money of his wards.
On this state of the pleadings and evidence, the Court decreed that the receipt should be cancelled and held for naught, and that the administrator should pay to the •complainant, Hedges, the sum of one hundred and ten dollars, ten cents, named therein, and which seems to be the portions of the complainant’s former wards.
The whole decree is, in our opinion, erroneous. The complainant had no right to sue for, or recover, in his own name, the portions of his former wards; and there is no equitable ground of relief in his original bill.
There is equity in the amended bill, but it does not help the case as to the recovery of the money. And as the allegations upon which the prayer of the amended bill for a cancehnent of the receipt are founded, are expressly denied in the answer thereto, they are not sufficiently sustained by the deposition of a single witness • — especially when the circumstances proved by other witnesses, are of a character rather to contradict, than to sustain the deposition. Under these circumstances, no relief could properly have been granted, either on the 'original or amended bill.
If the complainant had been entitled to sue for the 'money, and the defendant, acknowledging it to have been once due, had alleged payment in avoidance, and •set up the receipt as evidence of it, the attitude of the parties would have been essentially different, and the 'onus of proving the payment and receipt would have fallen on the defendant. But as the case is, the truth or falsity of the receipt is immaterial upon the question of the complainant’s right to the money, for he has no *441 right to that, though it may never have been paid. It is only upon the question of cancelling the receipt or not, that the enquiry into its genuineness becomes material ; and on that question, the complainant holds the affirmative, and his allegations, being met by positive denial, must be proved as in other cases.
As the complainant has no right to recover on the original bill, and as the distributees of Silvers have no interest in the matter of the amended bill, and have made no claim for distribution, there is no reason for sending the case back for further preparation in bringing new parties before the Court,
Wherefore, for the errors above pointed out, the decree is reversed, and the cause remanded with directions to dismiss the bill and amended bill of the complainant, with costs.